UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JERRY MARTINEZ-MARTI, Petitioner : : : CIVIL NO. 1:12-CV-1526
v. : : (Judge Caldwell)
WARDEN D. BERKEBILE, Respondent : :




*MEMORANDUM*

I. *Introduction*

On August 6, 2012, the United States District Court for the Eastern District of Kentucky transferred this habeas petition, filed by the pro se petitioner pursuant to 28 U.S. C. § 2241, to this court. (Doc. 2). For the reasons that follow the court will direct the transfer of this matter pursuant to 28 U.S.C. 1404(a) to Magistrate Judge Blewitt.

II. *Background*

The petition alleges as follows. Petitioner, Jerry Martinez-Marti, is a federal inmate presently confined at the Big Sandy United States Penitentiary in Inez, Kentucky. (Doc. 1, Pet.). He claims that while housed at the Schuylkill Federal Correctional Institution, in Minersville, Pennsylvania, prison officials violated his Fifth Amendment privilege against self-incrimination and his Sixth Amendment right to counsel during prison disciplinary proceedings. In those proceedings, he was charged with the possession of a cellular phone (*Id.* at pp. 1-6).[1] Throughout the proceedings, Martinez-Marti was advised

[1] Unless otherwise noted, all citations to the record are to the docket number and page number assigned by the Electronic Case Filing system (ECF) rather than the page number of the original document.

that "his silence would be used against [him]. To avoid the warned 'adverse inference,' Martinez-Marti admitted to possessing the cell phone." (*Id.* at p. 3). On August 8, 2011, he was found guilty of possession of the cell phone based on prison staff reports of how they obtained the cellphone as well as Martinez-Marti's statement that "[i]t is true, I brought it with me from another jail." (Doc. 1-5, Disciplinary Hearing Officer Report). Petitioner received the following sanctions: loss of 554 days of good-time credits, 60-days disciplinary segregation, and loss of phone, visitation, and public messaging privileges for 18 months. (*Id.*)

Months after the conclusion of his disciplinary proceedings, Martinez-Marti was advised that on August 4, 2011, his "case was referred to the FBI for possible prosecution." (Doc. 1 at p. 3). A month later, Martinez-Marti was brought before Magistrate Judge Blewitt of this Court on "the charge of Possession of Contraband in a Federal Correctional Institution, 18 U.S.C. § 1791(a)(2) and (b)(4) and (d)(1)(F)." (*Id.*) Law-enforcement-officer-communication element Latella, Esquire, was appointed as Martinez-Marti's Public Defender. Public Defender "Latella urged Martinez-Marti to plead guilty because of the unavailability of any defense to rebut Martinez-Marti's confession before the [Disciplinary Hearing Officer]." (*Id.*) On December 7, 2011, Magistrate Judge Blewitt sentenced Martinez-Marti to a term of one-month incarceration to run consecutive to his current sentence. (*Id.*; *see also* Doc 1-6, *United States v. Martinez-Marti*, No. 3:11-cr-329-TMB (M.D. Pa. 2011)). As relief, Martinez-Marti "does not ask that he be completely excused from all legal consequences; only that his 'in-prison record[ ] be expunged of all findings and decisions pertaining to the alleged infraction and the disciplinary board hearing." (Doc. 1 at p. 6).

III. *Procedural History*

On August 6, 2012, Judge Amul R. Thapar of the United States District Court for the Eastern District of Kentucky screened Martinez-Marti's habeas petition and dismissed his 2241 petition to the extent it challenged the disallowance of his good-time credits. (Doc. 2 at pp. 4-10). However, liberally construing the petition, Judge Thapar acknowledged that "[a]ny challenge that Martinez-Marti's petition makes to his December 7, 2011, conviction . . . falls under [28 U.S.C.] § 2255 instead of [28 U.S.C.] § 2241." (*Id.* at p. 9). Judge Thapar thus ordered that "[t]his action shall be **TRANSFERRED** to the United States District Court for the Middle District of Pennsylvania [the sentencing court] for the resolution of Martinez-Marti's challenge to his December 7, 2011, conviction". (*Id.* at p. 10).

IV. *Discussion*

The expression "right church, wrong pew" aptly describes the issue presently before this court. Recognizing that this matter is not appropriately before this court as a 2241 habeas petition, as that matter was resolved by the transferring court, the court could dismiss the petition in its entirety as it was filed by Martinez-Marti pursuant only to 28 U.S.C. § 2241. However, as we agree with the transferring court that the petition could also be treated as a § 2255 motion, it should be transferred to the sentencing judge for further consideration.

Federal habeas corpus proceedings are essentially civil proceedings, and as such are governed by the statutes and rules which apply generally to civil litigation. Thus,

such petitions are also subject to the general rules governing civil litigation, including 28 U.S.C. 1404(a), which states as follows: “For the convenience fo parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.”

Adhering to this familiar principle, in the past when courts in this district have been confronted by habeas petitions, like the petition lodged here, which challenge aspects of a conviction and sentence imposed by another federal district judge, they have often relied upon §1404 to order the transfer of the petition to the sentencing court for its consideration. *Stover v. Sniezek*, No. 1:10-CV-1213, 2010 WL 3220318, *4 (M.D.Pa. Aug. 12 2010) (Jones, J.); *see, e.g., Argentina v. Sniezek*, Civil No. 4:09-CV-0382, 2010 WL 2632561, *2 (M.D.Pa. Jun.28, 2010) (Jones, J.); *Gardner v. Williamson*, Civil No. 3:07-CV-1788, 2008 WL 1752229, *4 (M.D.Pa. April 14, 2008) (Munley, J.). In this case, the prerequisites for a transfer of this matter are fully satisfied since such a transfer would promote the interests of justice and would be in the spirit of Judge Thapar’s transfer order.

Finally, we note that an order transferring this case to the sentencing judge as a § 2255 motion also protects the petitioner's rights as a *pro se* litigant. Such a transfer order avoids any unintended prejudice to the petitioner which might flow from a dismissal of this action. *See Burnett v. New York Cent. R. Co.*, 380 U.S. 424, 430. 85 S.Ct. 1050, 1055-56, 13 L.Ed.2d 941 (1965). Moreover, addressing the petition in this fashion would not constitute a ruling on the merits of the petitioner's claims, thus assuring that the petitioner can have his case heard on its merits in the most appropriate forum. *See*, 18

Wright, Miller & Cooper Federal Practice and Procedure, § 4436, at 338 (stating that "a dismissal for lack of jurisdiction or improper venue does not operate as an adjudication upon the merits") (footnote omitted).

In sum, the remaining portion of Martinez-Marti's habeas corpus petition should be transferred to the sentencing judge, Magistrate Judge Blewitt of this district, so that he may address this matter as a motion under 28 U.S.C. § 2255 challenging Petitioner's December 7, 2011, conviction.

We will issue an appropriate order.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date: August 8, 2012

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JERRY MARTINEZ-MARTI,<br>Petitioner | : | |
| | : | CIVIL NO. 1:12-CV-1526 |
| v. | : | |
| | : | (Judge Caldwell) |
| WARDEN D. BERKEBILE,<br>Respondent | : | |

*ORDER*

AND NOW, this 8th day of August, 2012, it is ordered that the Clerk of Court shall transfer this action to Magistrate Judge Blewitt pursuant to 28 U.S.C. § 1404(a).

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

